SINGER (HALL v.).   See Case No. 5,946.

---

## Case No. 12,898.

### SINGER v. SLOAN et al.

[3 Dill. 110; [1] 12 N. B. R. 208; 7 Chi. Leg. News, 231; 2 Cent. Law J. 218.]

Circuit Court, E. D. Missouri. March Term, 1875.[2]

BANKRUPTCY — AMENDED ACT — SECTION 35 — "KNOWING"—"HAVING REASONABLE CAUSE."

1. Section 11 of the amendatory bankrupt act of June 22d, 1874 [18 Stat. 180], amending section 35 of the original act [14 Stat. 522], by inserting "knowing," applies to cases brought after the time when the amendatory act took effect, although the instrument creating the alleged illegal preference was executed before June 22, 1874.

[Disapproved in Tinker v. Van Dyke, Case No. 14,058; Barnewall v. Jones, Id. 1,027; Warren v. Garber, Id. 17,196.]

2. The amendment above referred to, made by section 11 of the amendatory act, works a substantial change in section 35, and within the meaning of section 11 of the amendatory act "knowing" and "having reasonable cause to believe" that a fraud on the act was intended, are not legal equivalents.

[Cited in Crump v. Chapman, Case No. 3,455.]
[Cited in Lincoln v. Wilbur, 125 Mass. 252.]

[Appeal from the district court of the United States for the Eastern district of Missouri.]

On the 21st day of January, 1874, a petition in bankruptcy was filed against Towle by some of his creditors, and the following 3d of February he was adjudged a bankrupt. The plaintiff [B. Singer], appellant herein, is his assignee. On the 18th day of December, 1873, said Towle and wife executed a deed of trust to secure the defendant [O. C. Sloan], appellee herein, for alleged antecedent indebtedness. The bill was filed December 9, 1874, to have said deed

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
2 [Affirming Case No. 12,899.]

set aside, as in contravention of the bankrupt act, on the ground that Towle, at the date of the execution and delivery, was insolvent, and that Sloan had reasonable cause to believe, etc. The defendant demurred to the bill, on the ground that it should allege, in conformity with section 11 of the amendatory act of June 22, 1874, that the defendant knew that a fraud on the act was intended. The demurrer was sustained, and the bill dismissed. The opinion of the district judge is published in [Case No. 12,899]. The complainant appeals against the decree dismissing the bill.

A. Binswanger, for complainant.
Geo. D. Reynolds, for defendant.

DILLON, Circuit Judge. This bill was filed after the amendatory bankrupt act of June 22, 1874, went into effect. It seeks to avoid as fraudulent under the bankrupt act, an instrument made by the bankrupt, December 18, 1873. The question presented by the demurrer to the bill requires a construction of section 11 of the amendatory act. It is contended by the counsel for the assignee: 1. That section 11 does not apply to any transaction which took place before June 22, 1874, but only to transactions subsequent to that time. 2. That, if it does apply in cases brought after June 22, 1874, to transactions before, the insertion of the word "knowing" in section 35 is verbal only, and wrought no change in the legal effect of that section; and hence the bill of complaint was good, although it did not charge that the defendant knew a fraud on the act was intended, but only charged that he had reasonable cause so to believe.

However it may be as to cases like the present, brought under section 35, pending at the time the amended act of June 22d went into operation, I am very clear in the opinion that the provisions of section 11, amending section 35, apply to all cases of this character commenced after that time, although relating to transactions which occurred before. I do not wish, however, to be understood as conceding that section 11 does not apply to cases pending and undetermined when the amended act went into effect. It is unnecessary to examine that question, and I give no opinion upon it. It is to be borne in mind that this suit is one to enforce a right of action which was wholly given by statute, and to invalidate a security which was good on the general principles of law, and only bad because of an express provision of the statute.

If the change in section 35 made by the new section 11 is remedial, then the general rule undoubtedly is as expressed by Mr. Justice Miller, in Re King [Case No. 7,781], that its provisions do apply to pending cases (and a fortiori to future cases), unless there is something to show that the legislature intended to exclude them. And even if an ac-

tion resting upon section 35 be considered a right, as distinguished from a remedy, still the general rule is that rights wholly given by a statute are taken away by its unconditional repeal, and particularly as to cases not commenced when the repealing statute took effect. Sedg. St. Const. Law, 129 et seq. There is much in the known history of the amendatory act to fortify the legal presumption above mentioned as to the effect of repealing statutes. The counsel for the assignee makes the further point, that "having reasonable cause to believe" and "knowing" are, in contemplation of law, identical, and the averment of the former is legally equivalent to the averment of the latter. In other words, that congress, by carefully requiring the word "knowing" to be three times inserted in section 35, and by changing section 39 in this respect to conform to the change made in section 35, meant nothing and accomplished nothing. I cannot agree to that view. The intention of congress is to be sought, and this is best done by looking at the original section 35 and the decisions construing it, and then at the amendment made by congress.

The courts had generally, I think I may say universally, held that section 35 was contravened if the creditor or other person had reasonable cause to believe a fraud on the act was intended, although he did not know it, that the inquiry was not what he actually knew, but what he had reasonable ground to believe. Many of the cases on this point are cited in the opinion of the district judge, and I need not refer to them at length.

Now, the main scope of the act of June 22d is to relieve the severe features and rigorous operation of the original act, and the amendment of section 35 was one of the changes of that character. Where reasonable cause to believe that a fraud on the act was intended was before sufficient, knowledge of that fact is now required. A change was made, undoubtedly, but how extensive that change is, or what is necessary to prove the requisite knowledge on the part of the defendant, are questions not arising on the record, and not necessary to be determined. Affirmed.

See In re King [Case No. 7,781], and cases cited in note.